**STATE BOARD OF TAX COMMISSIONERS, Appellant, (Respondent below),**

**v.**

**INLAND CONTAINER CORPORATION, Appellee, (Petitioner below).**

No. 49S10–0202–TA–152.

Supreme Court of Indiana.

March 21, 2003.

Steve Carter, Attorney General, Nandita G. Shepherd, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellant.

Larry J. Stroble, Michael Rosiello, Jennifer A. Dunfee, Barnes & Thornburg, Indianapolis, IN, Attorneys for Appellee.

On Petition For Review

DICKSON, Justice.

Finding that legislation amending a state tax deduction statute violated the Property Taxation Clause of the Indiana Constitution as applied in this case, the Indiana Tax Court reversed the determination of the State Board of Tax Commissioners, granted the taxpayer's motion for summary judgment, and remanded to the State Board with instructions to grant the taxpayer's deduction claim. *Inland Container Corp. v. State Bd. of Tax Comm'rs,* 756 N.E.2d 1109 (Ind.Tax 2001). We reverse.

The facts of the case are undisputed and set out in detail in the opinion of the Tax Court. Inland Container Corporation ("Inland") manufactures corrugated cardboard containers. Its mill in Vermilion County, Indiana, disposes of waste materials by converting them into recycled paper. In 1994, Inland applied for and was granted a Resource Recovery System ("RRS") property tax deduction,[1] which permitted Inland to take a deduction for 95% of the assessed value of the Vermillion County mill.

In 1995, the legislature amended the RRS statute to provide that, effective May 1, 1995, the RRS deduction "would only be available for systems certified for the 1993 assessment year or earlier, and it phased out the deduction entirely after the 1997 assessment year." *Id.* at 1112. The 1995 amendment further provided that any RRS "that was assessed in 1994 and deducted for the first time in 1994" could not receive the deduction for property taxes due and payable in 1995 or later, but could instead claim a significantly smaller deduction as "new manufacturing equipment." P.L. 25–1995 § 104(b).

Inland did not pay the additional amount subsequently listed in the supplemental property tax statement that reflected the changes implemented with the 1995 amendments. Instead, Inland appealed to the Vermillion County Board of Review, which denied relief. Inland then unsuccessfully appealed to the State Board of Tax Commissioners and thereafter filed its original tax appeal with the Indiana Tax Court. On cross motions for summary judgment, the Tax Court denied the State Board's motion and granted Inland's motion, concluding:

> When the legislature amended the RRS deduction statue in May 1995, it created a classification based upon the date that a taxpayer first had its RRS certified by IDEM. This classification, however, was

---

1. At the time Inland qualified for the deduction, "resource recovery system" meant "tangible property directly used to dispose of solid waste or hazardous waste by converting it into energy or other useful products." Ind. Code § 6–1.1–12–28.5(a) (1993).

arbitrary because it was not based on differences "naturally inhering" within the RRS property itself. This classification allowed some taxpayers with comparable properties to obtain the RRS deduction on a phased out basis for the 1994 to 1997 assessment years, while other taxpayers, such as Inland, were altogether denied the RRS deduction for the 1994 assessment year. Because the classification created an artificial distinction, the assessed value of Inland's RRS property is not equal or uniform with comparable RRS properties. Accordingly, the amended RRS statute violates Article 10, § 1 of the Indiana Constitution as applied to Inland.

756 N.E.2d at 1119 (included citations and footnote omitted).

■ We granted the State's petition for review. *Inland Container Corp. v. State Bd. of Tax Comm'rs*, 774 N.E.2d 509 (Ind.2002). When we grant review of a decision of the Tax Court, we address only the issues presented in the petition for review. *Boehm v. Town of St. John*, 675 N.E.2d 318, 320 (Ind.1996). Unlike our procedure on petitions for transfer from the Court of Appeals,[2] our grant of review of a Tax Court case does not automatically vacate the opinion, but instead modifies it pursuant to our opinion. *Id.*

The State contends that the 1995 amendment to the RRS statute does not violate the Property Taxation Clause, Article 10, Section 1, of the Indiana Constitution, which requires "a uniform and equal rate of property assessment and taxation." The State primarily argues that tax deductions are not components of either assessment or rate of taxation. Defending the Tax Court opinion, Inland does not challenge the authority of the legislature to phase out the RRS deduction, but asserts that by allowing RRS deductions (albeit gradually phased out) for systems certified before 1994 and simultaneously denying them to systems first certified in 1994, the amendment violates the Property Taxation Clause's requirement for substantially uniform and equal rates of property assessment and taxation. Inland argues that, "[w]hether a taxpayer sought to qualify an RRS for the deduction in a prior year is simply irrelevant to determining the qualification for the deduction in the current year." Br. of Appellee at 21.

■ The alleged disparate treatment in this case arises because the legislature modified tax policy and provided a transitional phase-out period for the prior policy. Here the legislature changed tax policy by eliminating the RRS deduction beginning with systems first certified for the 1994 assessment year and by allowing but gradually phasing out the deduction for systems previously certified. While properties certified before 1994 are substantially similar to those first certified in 1994, the disparate tax treatment results from the implementation of the change in tax policy.

■ Most, if not all, legislative changes in tax policy arguably create interim temporal disparities. Article 10 contemplates legislative modifications of tax policies and is not automatically violated whenever tax policies change. While many modifications in tax statutes may create a point in time after which the same type of property would be assessed and/or taxed at a different rate than that preceding the change, this cannot prevent the legislature from enacting changes in tax policy. Likewise, Article 10 is not violated when changes in a tax deduction statute create inequalities because comparable property is treated differently during the

2. *See* Ind. Appellate Rule 58(A).

same year due to a transitional phase-out of prior deductions.

Despite possible resulting brief interim disparities, there is no constitutional violation simply because tax policies applicable in one year are different from those applicable in another year, or because tax legislation may employ a transitional or graduated elimination of prior tax policies or implementation of new ones.

The amended RRS deduction statute as applied to Inland does not violate the Property Taxation Clause, Article 10, Section 1, of the Indiana Constitution. We reverse and remand to the Tax Court for further proceedings consistent with this opinion.

SHEPARD, C.J., and SULLIVAN, BOEHM, and RUCKER, JJ., concur.